## Spencer et al. v. Commonwealth.

June 20, 1947.

George K. Holbert, Judge.

Haynes Carter for appellants.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming in part, reversing in part.

The appellants, Sherman Spencer and Denny Payton, were indicted, tried and convicted in the Hardin circuit court of committing the offense of unlawfully, wilfully and feloniously breaking into the storehouse of Russell Christopher with the intention to, and they did, take therefrom articles of property constituting a part of the stock in trade of Christopher. James Spencer, a brother of Sherman, was indicted jointly with appellants, but he escaped and has not been apprehended and was not tried. Appellants were given the minimum punishment for that offense of one year's confinement in the state penitentiary. Their motion for a new trial

was overruled by the court, and from that order and the judgment of the court based on the verdict, they prosecute this appeal.

Their motion for a new trial charged error of the court in failing to instruct the jury at the close of the Commonwealth's testimony to direct their acquittal, and that a like error was committed at the close of all of the evidence when the court overruled the same motion. They also alleged as a second ground for a reversal, alleged error of the court in permitting the introduction of incompetent testimony by the Commonwealth over their objections and exceptions. We will dispose of those grounds in reverse order.

The only reference made by appellants' counsel to the second ground in the motion for a new trial is this statement: "It is our contention also that the court erred in permitting evidence introduced of the previous conviction of James Spencer who was not being tried, and this evidence was presented rather to associate a suspicion of guilt on the defendants by their association with the said James Spencer." It is likewise contended by the same counsel that under a number of opinions of this court an affidavit for a continuance of the trial by a defendant on the ground of absent witnesses which is read as the testimony of the absent witness could not be attacked by the Commonwealth showing that the absent witness, had made different statements than what the affidavit attributed to him. But such ruling is bottomed entirely upon the ground that before a witness may be contradicted a foundation must be laid therefor by giving the witness an opportunity to state whether or not he made such contradictory statement, but which could not be done when his testimony consisted of an affidavit stating what he would testify if present. But that rule does not apply to testimony impeaching the absent witness by showing that he had previously been convicted of a felony and which was the situation in this case.

The proof of the former conviction of the absent witness, James Spencer, was stipulated and agreed to at the trial by counsel for both sides. For the reasons stated, it is clearly apparent that ground (2) contained in the motion for a new trial is without merit, and which

leaves for our consideration the alleged error contained in the second ground for reversal, i. e., the insufficiency of the testimony to sustain the convictions.

Briefly stated the facts are: That on Saturday, December 31, 1945, the three defendants in the indictment got together in the city of Elizabethtown at about 3 P. M. The two Spencers resided in the city of Elizabethtown, whilst Patton resided with his parents on a farm some mile distant from there. They wandered about the city for an hour or more, consuming some intoxicants, the nature of which is not clear, since one of the witnesses said it was only beer, but later admitted that some whiskey was consumed by the three, and the other defendant said that they consumed whiskey alone. At any rate they were not overly intoxicated. At about 4 P. M., or shortly thereafter, they concluded to visit the city of Louisville and went there in an automobile owned and operated by James Spencer. While there they visited a brother of Payton who resided in that city. When they arrived at that brother's residence, some hour or so after leaving Elizabethtown, they met some boys about their age, and the crowd concluded to liquor up some more and obtained a pint or two of whiskey from a neighboring place in which it was sold. The three appellants left Louisville to return to Elizabethtown; but in the meantime Payton had become so intoxicated that he was perfectly oblivious to what was transpiring. He was therefore put on the back seat of the car, whilst the two brothers occupied the front seat with James Spencer driving the car.

There appears to be an alley at the back of Christopher's place of business in Elizabethtown wide enough to enable trucks and other motor vehicles to turn around when delivering goods to him, and to adjoining stores facing the alley. At about 3 A. M. on January 1, 1946, policeman Raymond Morris while patrolling his beat heard a noise at the rear of Christopher's store similar to that made in trying to start an automobile. He went to the spot where he found, according to his testimony, "an automobile backed in the back of the City Sandwich Shop" which was Christopher's store. He found Sherman Spencer back of the wheel on the front seat, and Payton lying in the back seat apparently "dead to the

world," and whom he was unable to arouse. He shook Sherman Spencer slightly and asked him what he was doing there, receiving the answer that the car had gone dead. Sherman then asked the policeman to call a garage for help to get him out of the alley, to which the policeman agreed, stating to Sherman to wait until he could go to a phone to make that call. Instead of calling a garage Morris called for another policeman to meet him in the alley. He stated that when he entered the alley he found on the ground by the car a number of articles sold by Christopher, consisting of cartons of cigarettes, some coarse leather gloves, combs and other things, and a carton or two of cigarettes on the front seat by the side of Sherman Spencer. Instead of waiting for Morris to return from his supposedly requested mission, he immediately started his car and drove away with the unconscious Payton still on the rear seat.

James Spencer left the automobile and where it was parked before the policeman arrived in the alley, and was seen by the witness walking down the street, but he has not been seen or heard from since. Morris and the policeman whom he called who corroborated him as to the articles taken from the Sandwich Shop, each stated that the glass in the back door was broken out, and Christopher identified the articles found by the policeman as a part of his stock in trade, not only being similar to like articles, but from indications conclusively establishing the fact that they had been taken from his store.

The only defense of appellants is that they were so drunk that they were incapable of committing the crime with the necessary intent and purpose to render them guilty, even if they participated with James Spencer, or any other person, in the actual breaking with which they were charged. We have read the evidence in the case carefully and we have concluded that that defense is established as to the defendant, Denny Payton, since all the evidence in the case conclusively and unmistakeably shows that for a time before the departure of the trio from Louisville on their return trip to Elizabethtown, he became so completely intoxicated as to be incapable to entertain a criminal intent or to participate in the commission of the crime with which he is charged.

After Sherman Spencer left the alley with the auto he drove to the home of his parents. He entered their home and retired for the remainder of the night, but left Payton on the back seat of the car, still unconscious, where he remained until the next morning. Thus demonstrating that from the entire period, for sometime before starting on the return trip from Louisville until the next morning, Payton was so drunk as to excuse him from committing the crime charged in the indictment, and there is no intimation that any confederacy or conspiracy was entered into by the three defendants before Payton got into that unconscious condition.

The same defense, however, does not, under the testimony, necessarily apply to Sherman Spencer so as to entitle him to a directed verdict of acquittal. He exhibited a sufficient awareness and comprehension as to what was and had transpired to submit the issue of his guilt to the jury, and to support its verdict finding him guilty. He was sufficiently alert to immediately make his escape from the place where the crime was committed after inducing the officer by a falsehood (that the car would not start) to leave the place, whereby he might at least make his temporary escape by fleeing to the home of his parents. He was also able to give a complete account of what transpired while they were in Louisville; to name the driver of the automobile on the return trip to Elizabethtown, and the position of each of them in the automobile. He denied that there were any cigarettes on the front seat of the car when the officer appeared, and likewise, as we have seen, falsely stated to that officer that the automobile would not start, which was quickly disproved by his actually driving it away.

No complaint is made, either in the motion for a new trial or in the argument of counsel, of the instructions that the court gave to the jury which covered all phases of the case as to principals in the commission of the crime, or aiders and abettors of the principal, on intoxication as a defense, each of which was correctly and properly phrased and not available to criticism.

Another fact appearing in the record, which we consider worthy of note, is that in the affidavit of appellants for a continuance because of the absence of James Spencer they did not have him to state that the breaking

into Christopher's store was not committed by some one composing the trio, or if done by him that the two appellants were then in such drunken condition as to render them unable to participate therein, or to aid and assist the guilty one. They merely stated in their affidavit that James Spencer would state that at designated times the two appellants were drunk to the extent they testified, but he was not made to say what occurred between the time of their arrival back in Elizabethtown, and the time when the policeman found the automobile parked at the place designated above, during which period the crime may have been committed, and while Sherman Spencer was not so extremely intoxicated as to excuse him as an aider and abettor or a joint principal, as the case might be.

Wherefore, the judgment convicting appellant, Sherman Spencer, is affirmed, but the conviction of the appellant, Denny Payton, is reversed with directions that if upon another trial of him, if one should be had, the court should direct his acquittal unless the testimony of the Commonwealth is sufficiently strengthened as to authorize a submission of his guilt to the jury, and for other proceedings consistent with this opinion.